# THE UNITED STATES COURT OF APPEAL FOR THE ELEVENTH CIRCUIT

24-13513-J

Mitchell Morbury,
Appellant,

v.

Warden, et al.,
Appellees.

U.S. COURT OF APPEALS
RECEIVED
CLERK
NOV 14 2024
ATLANTA, GA

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALA. MIDDLE DIVISION

## INITIAL BRIEF OF APPELLANT

PRO-SE

Mitchell Morbury
AIS#188014-M3/2A
1000 St. Clair Rd.
Springville, AL 35146

# CERTIFICATE OF INTERESTED PERSONS

Appellant, Mitchell Marbury, pro se, certifies that the following listed entities have an interest in the outcome of this case:

1. Mitchell Marbury, Appellant;
2. Albritton, Benjamin; Counsel for Defendants-Appellees;
3. Specks, Cedric; defendant-Appellees;
4. Estes, DeWayne; Defendant-Appellee;
5. Graham, Carla; Defendant-Appellee;
6. England, John H., III; United States Magistrate Judge
7. Smith, Lynwood; United States District Judge;
8. Marshall, Steve; Attorney General for Defendant-Appellees.

Mitchell Marbury
Pro Se

# STATEMENT REGARDING ORAL ARGUMENT

Appellant request oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND PRO-SE
DISCLOSURE STATEMENT..............................
STATEMENT REGARDING ORAL ARGUMENT.....i
TABLE OF AUTHORITIES..............................iv
STATEMENT OF APPELLATE JURISDICTION.......2
STATEMENT OF THE ISSUES..........................2
STATEMENT OF THE CASE.............................2
A. COURSE OF PROCEEDINGS AND DISPOSITION...2
IN THE COURT BELLOW..............................2
B. STATEMENT OF FACTS................................4
SUMMARY OF THE ARGUMENT.......................8
ARGUMENT..............................................9
1. APPELLANT'S EIGHTH AMENDMENT RIGHTS...9
WERE VIOLATED AS A RESULT OF THE...........9
INSTITUTION'S DELIBERATE INDIFFERENCE..9
TO AN IMMINENLY DANGEROUSE SITUATION...9
..................................................
A. Applicable Standards of Review...............9

# TABLE OF CONTENTS

CERTIFICATION

B. Applicable Law — 11
C. Evidence of Substantial Risk of Serious Harm — 14
D. Evidence of Deliberate Indifference to the Risk — 19
E. Causation — 22
F. Qualified Immunity — 23

CONCLUSION — 25

CERTIFICATE OF SERVICE — 26

# TABLE OF AUTHORITIES
## CASES

AUTHORITIES:


Griffith v. Wainwright, 772 at 825 — 3

Stephens v. Tolbert, 471 F.3d 1173, 1175 (11th cir. 2016) — 9

Kohser v. Protective Life Corp., 649 F. App'x 774, 777 (11th cir. 2016) — 9

Brown v. Sec'y of Fla., 668 F.3d 1271, 1274 (11th cir. 2012) — 9

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) — 10

Cuesta v. Sch. Bd. of Miami Dade City., Fla., 285 F.3d 962, 970 (11th cir. 2002) — 10

Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed. 2d 686 (2007) — 11

Wyatt v. Cole, 504 U.S. 158, 162 (1992) — 11

Carey v. Piphus, 435 U.S. 247, 254-57 (1978) — 11

Estelle v. Gamble, 429 U.S. 97 (1976) — 11

Caldwell v. Warden, FCI Talladega, 748 F.3d 109, 1099 (11th cir. 2014) — 11

Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th cir. 2003) — 12

Hope v. Pelzer, 536 U.S. 730, 739 (2002) — 12

Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th cir. 2004) — 12

Carter v. Galloway, 352 F.3d 1346, 1349 (11th cir. 2003) — 13

Brennan, 511 U.S. 825, 842 (1994) — 13

Goodman v. Kimbrough, 718 F.3d 1324, 1331 (11th cir. 2013) — 13

Marsh v. Butler Cnty., Ala. 268 F.3d 1014, 1028-29 (11th Cir. 2001) — 13
Corp v. Twomby, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) — 13
Rodriguez, 508 F.3d at 617 — 14
Farmer, 511 U.S. at 842, 114 S.Ct. at 1981 — 14
Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) — 16
Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) — 16
Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019) — 18
Jackson v. Griffin, 762 F. App'x 744, 746 (11th Cir. 2019) — 19
Goebert v. Lee Cnty., Fla., 510 F.3d 1312, 1326 (11th Cir. 2007) — 22
Berrian v. Oubre, 2014 WL 2465508, 6 (M.D. Ga. May 6, 2014 — 23
Williams v. Bennett, 689 F.2d 1370, 1384 (11th Cir. 1982) — 23
Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) — 23
Saucier v. Katz, 533 U.S. 194, 202 (2001) — 23

RULE:

Rule 56 (f) Fed R. Civ. P. — 10

# STATEMENT OF APPELLATE JURISDICTION

This is an appeal from a final judgment. This Court has jurisdiction under 28 U.S.C. §1291

# STATEMENT OF THE ISSUES

1. Appellant's Eighth Amendment rights were violated as a result of the institution's deliberate indifference to an imminently dangerous situation.

# STATEMENT OF THE CASE

## A. COURSE OF PROCEEDINGS AND DISPOSITION IN THE COURT BELOW

On June 18, 2018, Appellant filed his pro se complaint in the United States District Court for the Northern District of Alabama. The complaint name Warden DeWayne Estes, Warden Cedric Specks, and Captain Carla Graham as defendants, and alleged violations of 42 U.S.C §1983. The complaint was referred to Magistrate Judge John H. England, III, for preparation of a preliminary report and recommendation.

After the Eleventh Circuit issued its mandate vacating the judgment and remanding this action to the district court, the court ordered the appellant to file a renewed motion for leave to conduct additional discovery. (Doc.76). Appellant complied. (Doc.77). The court granted in part and denied in part the Appellants motion and ordered the defendants to supplement their Special Reports with the responses to discovery. (Doc.79). The court also provided the defendants an opportunity to amend their Special Report. (Doc.79 at 4).

On January 2, 2024, the defendants supplemented their Special Reports with responses to Appellants discovery requests. (Doc.84) The court construed the Special Reports as motions for summary judgment and ordered Appellant to respond to the defendants' motions for summary judgment by filing affidavits or other evidence. (Doc.85); See Griffith v. Wainwright, 772 at 825. Appellant filed a supplemental response. (Doc.86). Appellant was allowed twenty-one days to respond to the motion. (Doc.35, 45, 58)(Doc.84).

On August 12, 2024, the Magistrate Judges Report and Recommendation was issued. The report analyzed Appellants claims and ultimately recommended that the District Court grant summary judgment in favor of Appellees. Appellant filed his objections to the Magistrate Judges Report and Recommendation on the following issue:

Whether Appellants Eighth Amendment rights were

violated as a result of the institutions deliberate indifference to an imminently dangerous situation? United States District Judge, Lynwood Smith, subsequently entered his Memorandum Opinion on Oct. 7, 2024. The Memorandum Opinion overruled Appellants objections, adopted the Magistrate Judges report, and accepted his reccommendation. The District Court contemporaneously entered its order of Final Judgment, which granted summary judgment in defendants' favor and dismissed the action with prejudice.

Appellant filed his Notice of Appeal during the year of 2024 of October. The Notice also requested Appellant be allowed to procced in forma pauperis, (IFP), due to his financial status. Additionally, Appellant filled out after submiting his Motion to Proceed in forma pauperis. This Court accepted Appellants application by issuance of an order dated October 29, 2024.

## B. STATEMENT OF FACTS

On January 9, 2018, Appellant, an inmate at St. Clair Correctional Facility in Springville, Alabama, was attacked as he was turning to see who was entering his cell, with his cell door open, someone hit him with a blunt object and knocked him unconscious.

Prior to the attack, Appellant had reported witnessing significant violence with inmate-on-inmate stabbings and inmates reassigning themselves to L-2 Block cells without authorization causing problems among those assigned to the block transferred from Holman September 7, 2017.

Appellant made multiple requests to be placed in isolated segregation, after witnessing inmate-on-inmate stabbings, and no escort security behind locked doors, as transferred Holman inmates was lead to believe through a speech given by Warden Cedric Specks.

October 19, 2017, Marbury spoke with Warden Specks face-to-face notifying him about the imminent threat to his safety, that he feared retaliation from unknown inmates because he had been stabbed by an unknown inmate in 2016 while housed in P/Q Block at St. Clair. In his request to Warden Estes, he reported Warden Specks' response to Marbury's request for segregation until transferred back to Holman, his 2016 stabbing, and a 2016 incident where an officer gave a knife to an inmate to stabb another inmate. Marbury complaint to Warden Estes does allege that unassigned inmates were living in L-2 Block and "causing problems among those" assigned to the Block, and that "Lott times" the L-2 Block cubicle stayed unmanned for hours, which made him feel unsafe because of all

the raping, stabbing, extortion, and murdering "that occurred at St. Clair from 2010-2018. Marbury made a request to Captain Carla Graham, whose investigation revealed after the fact, "the guy who had stabbed" Marbury in 2016 had been transferred to another facility. In this complaint filed against the defendants, Marbury points to all the "raping, stabbing, extortion, and murdering" that occurred at St. Clair from 2010-2018 in the ten (10) years prior to his August 2017 transfer in the short time thereafter, Marbury also declares that between September 7, 2017 and January 9, 2018, he witnessed over ten (10) stabbings on the facility's G-Yard and several other stabbings in P/Q, N/O, and J/K Blocks, including a stabbing in the hallway of L/M Block that resulted in the inmate death, and incidents reports, medical records, and grievance reports thats provided through discovery was material evidence needed to provide sufficient evidence to overcome summary judgment as to the element of substantial risk of serious harm. Warden Specks response to an inmate who was in fear for his life would have been to effectively ignore the request under the guise of a lack of authority, as if he was unable to authorize a move without first speaking to the "Crips, I.G.D, or Blood Game," otherwise Marbury was left with one other option, get a knife and defend for himself. Warden DeWayne Estes, in

his sworn affidavit to the District court, stated, Inmate Mitchell Marbury claims that on November 22, 2017, he put a complaint into the ~~Dist~~ Warden's Institutional mail box requesting to be placed in segregation for fear of retaliation from a 2016 stabbing incident by unknown individuals. I have requested that the prison check inmate Marbury's prison file for correspondence to me. There was no correspondence found in his prison file. I had no Knowledge at any time that inmate Marbury was in any danger from any other inmates or anyone else. Warden Cedric Specks submitted a declaration disputing portion of Marbury's allegations. However, the declaration is unsigned or notarised. Captain Carla Graham in her sworn affidavit statement, stated she was not present at the time of the incident and deny the same. However, Warden Estes and Captain Graham stated that they had no Knowledge of any of Appellant's complaints, however, provided the trial court with the complaint of November 22, 2017, and verbally spoke to Captain Graham.

The trial court was also provided with a copy of Appellant sworn affidavit/statement. His affidavit states that he informed Warden Estes, Specks, and Captain Graham about the previously threat, and assault in 2016, while living in P/a Block. And the present situation they was fully aware of, but do to a failure to take immediate action upon an properly

investigation or intervene when provided notice by Marbury verbally and through written complaints, befor Appellant was violently attacked.

## SUMMARY OF THE ARGUMENT

1. Appellant's Eighth Amendment Rights were violated as a result of the institutions deliberate indifference to an imminent dangerous situation.

The District Court erred in adopting the Magistrate Judges finding that there was no genuine issue of material fact as to Appellant's deliberate indifference claim. By granting summary judgment on this claim, the District Court did not consider the evidence in favor of the none-moving party, and thus, reversible erred. Appellant adequately notified Warden Specks, Estes, and Captain Graham of an imminent threat to his safety through multiple requests to be placed in segregation untill transferred back to Holman prison. Warden Specks blatantly disregarded Appellant request to be placed in segregation, and instructed him "to go get a knife or pay the Crips, I.B.D., or Blood Gang," for some protection. (Doc. 9 at 11). Appellant made a direct verball request to Captain Graham, and filed a complaint to Warden Estes, on which no action was taken. These acts of deliberate indifference support Appellant's claim that his Eighth Amendment rights were violated.

Appellant argues he has met his burden of proof, in support of his allegation with documentary evidence of inmate-on-inmate violence in a population where violence and terror reign.

# ARGUMEN

1. Appellant's Eighth Amendment Rights Were Violated As A Result of The Institutional's Deliberate Indifference To An Imminently Dangerous Situation.

A. Applicable Standard of review applied to a District Court's treatment of a Magistrate Judge's report and recommendation is abuse of discretion. Stephens v. Tolbert, 471 F.3d 1173, 1175 (11th Cir. 2006). A district court, in reviewing a Magistrate Judges report and recommendation "must make a de novo determination of those portions of [the] magistrate judges report and recommendation to which an objection is made." Kohser v. Protective Life Corp., 649 F. Appx 774, 777 (11th Cir. 2016) "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." Brown v. Secy of Fla, 668 F.3d 1271, 1274 (11th Cir. 2012). Additionally, because as Appellant argues, his allegations that the correctional officers failed to protect him from a

Appellant argues that he is unable to

result of the institution's deliberate indifference to an imminently dangerous situation, an inmate-on-inmate assault, by another inmate do state a cognizable claim for relief. See Brown v. Hughes, 894 F.2d 1533 (11th Cir. 1990). To show that the discovery found was crucial to his case, the nonmoving party complied with Rule 56(f), which provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

This information upon Marbury motion for discovery demonstrate, it is inappropriate for the district court to make credibility determinations or to weigh the evidence at the {2022 U.S. App. LEXIS} summary judgment stage. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed.2d 105 (2000). However, where the non-moving relies upon implausible inferences drawn from that evidence, summary judgment is appropriate. Cuesta v. Sch. Bd. of Miami-Dade City., Fla., 285 F.3d 962, 970 (11th Cir. 2002).

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court

should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). To state an Eighth Amendment claim premised on failure to protect or prevent harm, a plaintiff must allege facts showing that: (1) a substantial risk of serious harm existed; (2) the defendants were deliberately indifferent to that risk; and (3) there was a causal connection between the defendants conduct and the Eighth Amendment violation.

B. Applicable Law

"The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 162 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). 42 U.S.C. §1983 provides a cause of action for violation of an inmate's Eighth Amendment rights, where there is an "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97 (1976). It is well established that the Eighth Amendment imposes a duty on prison officials to protect prisoners from violence caused or created by fellow prisoners. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). The defense of qualified immunity completely

protects government officials performing discretionary functions from suit in their individual capacity unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003)(quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). In the present case, the District Court properly held that the Appellees in this case were performing their discretionary duties at all times pertinent to this appeal. Appellant does not dispute this aspect of the district court's decision. Once it is determined that qualified immunity applies, the burden shifts to the plaintiff to show that the inaction was not within the spectrum of behaviors covered by qualified immunity. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004). "To meet his burden, plaintiff[ ] must prove both that "(1) the defendants violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Caldwell, 748 F.3d at 1099 (quoting Holloman, 370 F.3d at 1264). "Deliberate Indifference" cases are a subset of §1983 cases, which allow a cause of action against an official who has knowledge of a risk of serious harm to an inmate, but chooses not to act. See Caldwell, 748 F.3d at 1099 ("A prison official is subjectively aware, exists and the official does not respond

reasonably to the risk." (quoting Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)). "An Eighth Amendment claimant need not show that a prison acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 842 (1994). "To survive summary judgment on a deliberate indifference failure-to-protect claim, a plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Caldwell, 748 F.3d at 1099 (quoting Goodman v. Kimbrough, 718 F.3d 1325, 1331 (11th Cir. 2013)). This court has laid out the standards for satisfaction of each of these elements, having stated, when examining the first element—a substantial risk of serious harm—the Court uses an objective standard. See Marsh v. Butler Cnty., Ala. 268 F.3d 1014, 1028-29 (11th Cir. 2001) (en banc), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). The second element—the defendants' deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant "disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner."

reasonably

Id. With regard to the subjective component of the second element—i.e., the defendant's actual knowledge that an inmate faced a substantial risk of serious harm—the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S. Ct. at 1979. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." Rodriguez, 508 F.3d at 617 (quoting Farmer, 511 U.S. at 842, 114 S. Ct. at 1981) (quotation marks omitted). Caldwell, 748 F.3d at 1099–1100.

c. Evidence of Substantial Risk of Serious Harm

In the present case, Appellant provided documentary evidence to the District Court that showed all three of his repeated complaints about the overall safety of his fear of being in general population at St. Clair in his 900-person prison during his brief time there, "where violence and terror reign," Purcell, 400 F.3d at 1320, was longstanding, pervasive, well documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it. First, stabbing incidents occured regularly at St. Clair 900-person prison, and

even guards and a warden had been victims of the violence. The prison officials could not maintain order, and prisoners regularly disrespected them. On top of that, Appellant had reported an express threat to all three, Warden Speaks, Captain Graham, and Estes, (in person) also (in writing). So risk the jail conditions and the express threat posed was obvious. IN his complaint, Appellant stated that he had seen over ten (10) stabbing between September 7, 2017, and January 8, 2018, on the facility's G-Yard and several other stabbings in P/Q, N/O, and J/K Block, not to mention the ongoing stabbing in L/M Block behind locked doors.

Appellant request sent directly to Warden Estes does allege that unassigned inmates were living in L-2 Block and "causing problems among those" assigned to the block.

In Appellant complaint, not only did he complain of the ongoing Knife violence in general population, he mention in his affidavit an inmate in the cell right next to him was raped at Knifepoint by an inmate assigned to another prison block, and attest that a witness, who was a victim in L/M Block was stabbed on facility G-Yard as he was being chased by another inmate from another block, where no security was on post in the guard shack to prevent the stabbing, this inmate is a potentional witness, who was transferred from Holman Correctional Facility, who could attest to threat all inmates faced in a

his 900-person prison where there was no security regardless of what side of the locked doors you resided, where terror and violence reigned.

"As we have explained, 'an excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm; occasional, isolated attacks by prisoner on another may not constitute cruel and unusual punishment, [but] confinement in a prison where violence and terror reign is actionable.'" Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016)).

As the Supreme Court has explained, when prison conditions allow for violence and terror to reign, "it [is] obviously . . . irrelevant to liability that the officials could not guess beforehand precisely who would attack whom." Farmer, 511 U.S. at 843-44. Based on this principle, we have rejected the notion that a prisoner must identify his attacker to recieve protection. In Rodriguez v. Secretary for Depart- of Corrections, for example, the prison official argued that the prisoners declaration did not put the prison official on notice of the risk of harm because it did not "furnish any specifics as to who was posing the alleged threats." 508 F.3d 611, 619 (11th Cir. 2007) (quoting marks omitted) The Rodriguez panel rejected that argument, because even though vague statements like "I have a problem with another inmate in this compound" would be insufficient, the inmate in that case had provided additional information—

that he had been threatened by members of his former gang—that corroborated otherwise vague statements. Id. & n.15. ("Appellant argument is essentially that every prisoner who tells prison officials about an unspecified threat from an prison imminent condition where violence and terror reign at St. Clair in his 900-person prison during his brief time there, without more is entitled to protective custody or a transfer.")

Instead, Appellant also averred many facts that showed a prison culture of unchecked violence: consistent inmate-on-inmate stabbing attacks requiring medical attention, understaffing of guards, ineffective guarding where even guards were attacked, and extortion, even Warden Cedric Specks were removed do to being exorted that resulted into illegal criminal activity, and no corrective response to these conditions from prison officials. Indeed, in LaMarca v. Turner, we have recognized that when the prison envilomment demonstrate the prison's inability to protect prisoners or the employed, employee from violence, that the envirnoment alone can support an inference that the prison officials knew and understood that the inmates were not protected. 995 F.2d 1526, 1536-37 (11th Cir. 1993). Because a norm of unchecked violence at a prison more than sufficiently corroborates a threat, Rodriguez support, Appellant cove.

Appellant, like most people in his situation, figured that providing multiple prison officials with knowledge that he was the target of an impending attack from retaliation would be enough to spur some action, but an investigation was not even conducted, which would have been necessary. Unfortunately, the inaction led to the violent attack of Appellant.

Appellant also provided the District Court with his own sworn affidavit. His affidavit states that he not only spoke face-to-face with both Warden Specks and Captain Graham about the potential danger, and droped a written complaint in Warden Estes mail box the 11/22/2017, explaining the same. The Magistrate Judges report and recommendation did not make a single reference to Rosenbaum, Circuit Judge, dissenting opinion at (page 28) (For example, Marbury surely was not always in exactly the wrong place at precisely the wrong time, so he couldnt have witnessed every single stabbing incident that occurred in his 900-person prison during his brief time there) but relied heavily on the facts, Marbury has fail to produce or establish context for the number of assaults, as there was no evidence in the record of the total number of inmates housed at St. Clair Correctional Facility during the relevant time period. See Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019). Plaintiff also failed to show that an excessive number of inmates assaults took place in the area of St.

Clair Correctional Facility in which he was temporarily housed—i.e., the "L" block—during that time period. At a minimum, the protections for pro se prisoners include that a reviewing court resolve all factual disputes against the party moving for summary judgment. Jackson v. Griffin, 762 F. App'x 744, 746 (11th Cir. 2019) (district court erred in resolving factual dispute against pro se litigant); Lane, 835 F.3d at 1305 (pro se litigant's complaints construed "liberally").

Appellant provided, through written and verbal interactions, notice to prison officials that several inmates in his cell block moved into L/M Block cells without authorization and "caused] problems." (Doc. 52 at 5). Appellant declared between Sept 7, 2017, and Jan. 8, 2018, he witness over 10 stabbings on the facility's G-Yard and several other stabbings in P/Q, N/O, J/K, and L/M Block. If notice of an imminent threat of stabbing attack does not satisfy the element of a "substantial risk of serious," it is difficult to see what would. Evidence was presented to show a "substantial risk of serious harm" to Appellant, and the district court reversibly erred in making its determination.

D. EVIDENCE OF DELIBERATE INDIFFERENCE TO THE RISK

As mention previously, the second requirement of the test is that the prison officials were deliberately

indifferent to the risk posed to an inmate. There are two components, a subjective and an objective component. Caldwell, 748 F.3d at 1099-1100. In the present case, the objective component, satisfied by a showing that the prison officials "disregarded that known risk by failing to respond to it in an (objectively) reasonable manner" was clearly supported by sufficient evidence. Farmer, 511 U.S. at 842. Appellant's sworn affidavit, and along with his request to be placed in segregation while his transfer back to Holman, due to a fear of retaliation from an assault in 2016 from unknown inmates, and the condition of the prison corroborate evidence of inmate-on-inmate violence from 2016-to-2018, and the failure of Warden Estes, Warden Speaks, and Captain Graham failure to refute this fact, provide evidence that all three defendants were made aware of the risk to Appellant, but left him in harm's way. Quite literally, nothing was done in reaction to Appellant requests. If the court finds that a substantial risk was presented to Appellees, the objective component has also been met due to their lack of action. The subjective component requires that the official "must both be aware of facts from which the inference." Farmer, 511 U.S. at 837. Looking at the evidence presented in regards

[illegible]

to Warden Sparks, Appellant's spoke to him face-to-face, and Captain Graham, and his Nov. 22, 2018 complaint to Warden Estes constitute direct evidence that all three defendants was made aware of the imminent attack on Appellant. The evidence indicates that Warden Sparks not only ignored Appellant's requests, but told Marbury "to go get a Knife or pay the Crips, E.G.D., or Blood Gang for some protection." (Doc. 1 at 11). "Deliberate Indifference entails something more than acts or omissions for the very purpose of causing harm will result. Thus, it is equivalent of acting recklessly." Farmer, 511 U.S. at 826. All three defendants action clearly constitute deliberate indifference.

Further, the written request to Warden Estes, along with Appellant's sworn affidavit, and the facts he spoke with Warden Sparks and Captain Graham face-to-face about the imminent threat to his safety.

If evidence of these interaction is not enough to establish deliberate indifference, it begs the question, "What else is an inmate to do other than report the dangerous condition to every prison official with whom he come into contact?" The district Court's failure to give proper credence to the evidence presented by Appellant constitutes reversible error.

E. CAUSATION

A plaintiff must demonstrate causation between the prison official's deliberate indifference and his injury. Goebert v. Lee Cnty., Fla., 510 F.3d 1312, 1326 (11th Cir. 2007). Appellant has provided sufficient evidence that connects the prison official to his attack, which includes but is not limited to: his sworn affidavit stating "an inmate in the cell right next to him was raped at knifepoint by an inmate assigned to another prison block, and attest that a witness, who was a victim in L1M-Block was stabbed on the facility G-Yard as he was being chased by another inmate from another block, where no security was on post in the guard shack to prevent the stabbing, and this inmate was a transfer from Holman," and a witness for Appellant.

Appellant face-to-face notification to Warden Specks, and Captain Graham, along with a written complaint to Warden Estes, that Appellant feared a retaliation from the 2016, stabbing, the fact inmates had reassigned themselves to L-2 cells without authorization and that such behavior sent "a message to the St. Clair administration" that the inmate controlled the prison. (Doc. 9 at 12; Doc. 52 at 4). Appellant asked Warden Specks to place him in segregation until his transfer back to Holman. (Doc. 9 at 11).

Where a plaintiff alleges a prison official was "in a position to take steps that could have averted" the attack," the allegation is sufficient to satisfy the causation element. Berrian v. Oubre, 2014 WL 2465508, 6 (M.D. Ga. May 6, 2014)(quoting Williams v. Bennett, 689 F.2d 1370, 1384 (11th Cir. 1982)).

F. Qualified Immunity

Assuming, that this Court determines that the District Court reversibly erred in holding that Appellant's Eighth Amendment rights were not violated, the question of qualified immunity must be addressed. Where a constitutional violation is demonstrated, it must be determined whether the right that was violated was clearly established. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002)(quoting Saucier v. Katz, 533 U.S. 194, 202 (2001)).

The issue in the present case is the Magistrate Judge's categorization of the risk identified by the Appellant as "a failure to produce evidence that he was in an environment so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm." As is shown above, this determination is clearly correct.

The Magistrate Judges report goes on to say that evidence demonstrates Marbury and all other Holman transfer inmates were segregated from St. Clair inmates in 2M-Block behind locked doors. It comes down to whether this court believes that Appellant has provided sufficient evidence to overcome Summary Judgment as to the element of substantial risk of serious harm. If the court agrees with Appellant, "failure to produce evidence that he was in an enviroment so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm," as categorized by the Magistrate Judge, then to deny Appellant summary Judgment most surely was an abuse of descretion.

There is sufficient evidence to support the finding that the threat was well-based, specific, and serious enough to constitute a substantial risk of serious harm. Consequently, the present case is analogous to cases from this circuit in which it has been established that deliberate indifference to a particularized threat takes a prison official outside of the protection of qualified immunity. Qualified immunity should not serve as the basis for denial of Appellants claims.

# CONCLUSION

In summation, Appellees in this case deliberately ignored Appellant's complaints and concern for his personal safety. Not only did Appellant provide Appellees with a generalized knowledge of a dangerous condition in the prison population as a whole, he provided them with notice of a particularized threat of bodily harm. Unfortunately, the deliberately indifference of Appellees led to Appellant being violently attacked, and suffering significant injuries. Appellant clearly provided sufficient evidence to overcome summary judgment at the district court level, however, the evidence was not properly weighed and considered. The Magistrate Judge's report and recommendation, which was adopted by the district court, entirely failed to mention a single reference to Rosenbaum, Circuit Judge, dissenting opinion at (page 28)(For example, Marbury surely was not always in exactly the wrong place at precisely the wrong time, so he could not have witnessed every single stabbing incident that occurred in his 900-person prison during his brief time there, but relied heavily on the facts, Marbury has "fail to produce or establish context for the number of assaults, as there was no evidence in the record of the total number of inmates housed at St. Clair Correction Facility during the relevant time period. See Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019).

# CONCLUSION

In summation, Appellants

And fail to construe the evidence in the light most favorable to Appellant, as the non-moving party. This flawed analysis constitute reversible error. Appellant, respectfully requests this court to consider the evidence in the manner the law demands, and provide relief in the form of a reversal of the District Court's dismissal of his claim, and remand the case for further proceedings, or render judgment in Appellant favor.

## CERTIFICATE OF SERVICE

I, hereby certify that I have this 31 day of October, 2024.

Served a copy of the foregoing on the defendants counsel by placing same in the United States Mail first class, Prepaid, Postage and addressed as follows:

Court Clerk
United States Court of Appeal
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

M. Marbury #138014
Mitchell Marbury
AIS#138014-M3/12A
1000 St. Clair Rd
Springville, AL 35146

Mr. Mitchell Marbury
AIS#138014-M3/2A
1000 St. Clair Rd.
Springville, AL 35146




(9)

CLEARED SECURITY
NOV 14 2024
U.S. MARSHALS SERVICE
11th Circuit Court of Appeals (COA)

Legal Mail

UNITED STATES COURT OF APPEALS...
ELEVENTH CIRCUIT
OFFICE OF THE CLERK
56 FORSYTH STREET, N.W.
ATLANTA, GEORGIA 30303

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the ADOC is not responsible for the substance or content of the enclosed communication."